UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                            TAMPA DIVISION

MILLICENT TOWNSEND,

           Plaintiff,
v.                                  Case No. 8:16-cv-930-T-33MAP

BROOKSVILLE HEALTH CARE CENTER, LLC,

           Defendant.
_____/

                                **ORDER**

     This cause comes before the Court pursuant to Defendant's Partially Unopposed Motion in Limine (Doc. # 39), which was filed on March 27, 2017.  Plaintiff Millicent Townsend had an opportunity to respond to the Motion in Limine, but she failed to do so.  Local Rule 3.01(b), M.D. Fla. states: "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages."

     Based on Plaintiff's failure to respond to the Motion, the Court finds that Plaintiff does not oppose the relief sought in the Motion.  The Court accordingly grants the Motion.  Plaintiff, her counsel, and her witnesses shall not, without first approaching the bench, outside the presence of the hearing of the jury, mention, allude to or interrogate, or in any way apprise the jury concerning the ten matters raised

in the Motion in Limine. The Court has granted the Motion in Limine in full as an unopposed Motion, however, the Court summarizes the ten items raised in the Motion in Limine below:

1. Evidence related to Defendant's income, assets, or financial worth;

2. References or allusions to counsel for Defendant as "Texas Lawyers" or highlighting the fact that counsel for Defendant is not from Florida and does not maintain an office in Florida;

3. Evidence which might inform the jury that other claims or suits have been filed or made against Brooksville or the results of those claims or suits, including but not limited to any lawsuits or administrative charges filed by Lacy Whitworth;

4. Requests or demands that counsel for Defendant or Defendant produce from their files any information, documents or written records concerning this case. If Townsend or her counsel desire the production of any such information, documents or records during trial, any requests for documents should be made outside of the presence of the jury;

5. Any pleading, testimony, remarks, questions or arguments which might inform the jury that the Motion in Limine has

been filed and granted;

6. References to Defendant's counsel as one who regularly represents defendants in employment lawsuits;

7. Any questioning or testimony which would provide the identity of resident JM or his wife;

8. Any questions suggesting that Brooksville employee Cheryl Fagundo does not have "black friends" on Facebook;

9. Any testimony from Plaintiff that a Brooksville employee "on the second floor" told her that she heard Plaintiff had been subjected to any sort of discriminatory conduct; and

10. Any testimony from Plaintiff that any employee at other senior living facilities at which Plaintiff applied after her termination "told" her that she would not be hired because of an alleged negative reference from Brooksville.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Partially Unopposed Motion in Limine (Doc. # 39) is **GRANTED** as an unopposed Motion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of April, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE